1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                    Case No.:  19-MJ-22901-RNB-JLS

12                               Plaintiff,
                                                  **ORDER DISMISSING**
13   v.                                           **DEFENDANT'S APPEAL**

14   GABRIELA BAUTISTA-PEREZ,
                                                  [ECF No. 12]
15                               Defendant.

16

17

18

19          Presently before the Court is Defendant Gabriela Bautista-Perez's Notice of Appeal

20   to the District Court (ECF No. 12), [1]  which seeks review of Magistrate Judge Robert N.

21   Block's Final Judgment (ECF No. 10) finding Defendant guilty of one count of

22   misdemeanor illegal entry in violation of 8 U.S.C. § 1325. The notice of appeal is timely,

23   and this Court has jurisdiction pursuant to 18 U.S.C. § 3402.  In support of the appeal,

24   Defendant filed an Opening Brief (ECF No. 24); the United States filed an Answering Brief

25   (ECF No. 25).  Having reviewed the Parties' briefing and the law, the Court finds that

26   _____

27   [1] Also pending is a Motion to Revoke the Detention Order.  ECF No. 5.  However, this Court was not
     assigned to this case until after Defendant had already been sentenced to time served.  ECF Nos. 13, 6.
28   Accordingly, Defendant's Motion to Revoke the Detention Order is **Denied as Moot**.

Defendant waived her right to appeal non-jurisdictional, antecedent defects by virtue of her unconditional guilty plea and **DISMISSES** Defendant's Appeal.

## BACKGROUND

Defendant was arrested on July 16, 2019 and charged with attempted illegal entry by an alien in violation of 8 U.S.C. § 1325(a)(1). ECF No. 1. On July 22, 2019, Defendant pled guilty to the charge without a plea agreement and was sentenced to time served. ECF Nos. 9 and 19. Defendant timely filed this appeal on July 30, 2019. ECF No. 12. *See* Fed. R. Crim. P. 58(g)(2)(B) (establishing 14-day timeframe for appealing a magistrate judge's judgment of conviction or sentence).

## DISCUSSION

Defendant raises two challenges to her conviction. First, she contends that her prosecution violated equal protection under *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252 (1977).[2] Second, Defendant contends that her guilty plea did not comport with Rule 11 of the Rules of Criminal Procedure. The Government responds that that each of these arguments is foreclosed by binding Ninth Circuit authority.

The Court finds that Defendant's appeal must be dismissed because Defendant waived her claims by entering a voluntary unconditional guilty plea. "It is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea...." *Id.,* quoting *Tollett v. Henderson,* 411 U.S. 258, 267 (1973).

---

[2] Defendant acknowledges that this argument is foreclosed by the Ninth Circuit's decision in *United States v. Carrillo-Lopez*, 68 F.4th 1133 (9th Cir. 2023), *cert denied* 144 S.Ct. 703 (2024).

19-MJ-22901-RNB-JLS

1    Here, Defendant does attempt to attack the voluntary and intelligent character of the

2   guilty plea by claiming that the magistrate judge improperly advised her of the elements of

3   the offense because he omitted the requirement that Defendant knew that she was not a

4   United States citizen.  However, this argument is foreclosed by *United States v. Rizo-Rizo*,

5   16 F.4th 1292, 1299, *cert. denied*, 143 S.Ct. 120 (2022) (holding that knowledge of

6   knowledge of alienage is not an element of the crime of attempted illegal entry).  Thus, the

7   Court finds no basis to conclude that Defendant's guilty plea was involuntary.  Therefore,

8   the Court finds that Defendant waived her antecedent constitutional challenges to 8 U.S.C.

9   1325(a)(1) by entering a voluntary guilty plea.

10                                              **CONCLUSION**

11    In light of the foregoing,  the Court finds that the claims raised in Defendant's appeal

12   are waived by Defendant's guilty plea.  Accordingly, Defendant's Appeal is hereby

13   **DISMISSED**.

14          **IT IS SO ORDERED.**

15   Dated:  June 21, 2024

16                                                              Hon. Janis L. Sammartino
                                                               United States District Judge
17

18

19

20

21

22

23

24

25

26

27

28